**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 01 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VANESSA YORK, MARSHAL EMMERLING,**　　　　　　**PLAINTIFF**
**and MATTHEW MOSS, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.　　　　　　No. 4:17-cv-562-KGB

This case assigned to District Judge Baker
**VELOX EXPRESS, INC.**　and to Magistrate Judge Harris　**DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Vanessa York, Marshal Emmerling, and Matthew Moss (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Velox Express, Inc. ("Defendant"), do hereby state and allege as follows:

### I.

### JURISDICTION AND VENUE

1.　Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others

similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint; therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant conducts business within and without the State of Arkansas, providing courier/delivery services within the State of Arkansas, as well as outside of the State of Arkansas.

5.     Defendant maintains an office in Bryant, Arkansas.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.     Plaintiffs were employed by Defendant as courier/delivery drivers, performing services for Defendant in the Western Division of the Eastern District of Arkansas.

8.     The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

9.     Plaintiff Vanessa York is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, York was an employee of Defendant, performing job-related services in Bryant, Arkansas, as well as throughout the State of Arkansas.

10.     Plaintiff Marshal Emmerling is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Emmerling was an employee of Defendant, performing job-related services in Bryant, Arkansas, as well as throughout the State of Arkansas.

11.     Plaintiff Matthew Moss is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Moss was an employee of Defendant, performing job-related services in Bryant, Arkansas, as well as throughout the State of Arkansas.

12.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13.     Defendant Velox Express, Inc., is a foreign corporation licensed to do business in Arkansas and having a registered agent for service of process of Jill Renae Sanders, 2809 Arbors Court, Bryant, Arkansas 72022.

14.     Defendant is headquartered in Greenwood, Indiana, and maintains a location in Bryant, Arkansas.

15.     Defendant is in the business of providing courier/delivery services, and employs couriers/delivery drivers to accomplish this goal.

16.     Defendant employs individuals who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, including, but not limited to, medical supplies and bio-materials, for the benefit of Defendant.

17.     Defendant's annual gross volume of sales for each of the three years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

18.     Defendant employs more than four employees.

### III.

### **FACTUAL ALLEGATIONS**

19.     Plaintiffs repeat and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20.     At all times relevant hereto, Defendant was Plaintiffs' employer.

21.     Defendant hired Plaintiffs to perform courier/delivery services, set Plaintiffs' rates of pay, and fully controlled Plaintiffs' work schedules and the manner in which Plaintiffs performed their job duties.

22.     Plaintiffs performed courier/delivery services on Defendant's behalf that included driving throughout Arkansas.

23.     Defendant required Plaintiffs and similarly situated employees to drive their own vehicles in the performance of their job duties as courier/delivery drivers.

24.     At times, Plaintiffs' job duties for Defendant required them to work more than forty hours per week.

25.     In performing their job duties for Defendant, Plaintiffs incurred vehicle-related expenses for the benefit of Defendant, including but not limited to gas/mileage, maintenance costs, and depreciation to their vehicles.

26.     Defendant paid Plaintiffs a piece rate for their services, regardless of the number of hours worked by Plaintiffs.

27.     The piece rate Defendant paid to Plaintiffs did not include any amount intended to cover any of Plaintiffs' expenses in operating their vehicles in the performance of their job duties for Defendant.

28.     Defendant did not pay Plaintiffs any amount in addition to the piece rate to cover any of Plaintiffs' expenses in operating their vehicles in the performance of their job duties for Defendant.

29.     After accounting for expenses related to the operation of Plaintiffs' vehicles in the course of performing their job duties for Defendant, Plaintiffs' pay amounted to less than the minimum wages required by the FLSA and AMWA.

30.     Defendant required Plaintiffs to use their own vehicles in the performance of their job duties for Defendant knowing that Plaintiffs would incur expenses in doing so, yet Defendant deliberately failed to compensate Plaintiffs for those expenses.

31.     Defendant also failed to pay Plaintiffs overtime wages at an amount of one and one-half times Plaintiffs' regular rates of pay for all hours worked over forty per week.

32.     Defendant did not pay Plaintiffs any premium amount for hours that he worked over forty per week.

33.     Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA and AMWA.

34.     The putative class members were subject to the same job requirements and pay structure as Plaintiffs, including the requirement that they use their own vehicles for work and the fixed daily rate pay structure. Therefore, the putative class members have suffered the same violations of the FLSA and AMWA as Plaintiffs at the hands of Defendant.

35.     At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA and AMWA.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

36.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

37.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on

behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

      A.    Minimum wages for the first forty (40) hours worked each week;

      B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

      C.    Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

      D.    Liquidated damages; and

      E.    Costs of this action, including attorney's fees.

35.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs will file written Consents to Join this lawsuit.

36.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37.    The proposed class of opt-in Plaintiffs in this case is defined as all persons who meet the following requirements:

      A.    Were or are (hereinafter "were") employed by Defendant as couriers/delivery drivers, or equivalent positions; and

      B.    Were or are required by Defendant to use their own vehicles in the course of performing their job duties for Defendant.

38.    The proposed FLSA class members are similarly situated in that they share these traits:

A.      They performed the same or similar job duties;

B.      They were required to provide their own vehicles for use in performing their job duties for Defendant; and

C.      They were subject to Defendant's common compensation policy that deprived them of minimum and overtime wages.

39.      Plaintiffs are unable to state the exact number of class members but believe that the class exceeds twenty (20) persons.

40.      Defendant can readily identify the members of the Section 16(b) class, which encompasses all couriers/delivery drivers and other similar employees employed by Defendant within the United States who were required to provide their own vehicles for use in performing their job duties for Defendant.

41.      The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail and email and/or text message to their last known physical and electronic mailing addresses and/or cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claims for Violations of the FLSA)

43.      Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

44.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.     At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48.     Costs incurred by the employee for the benefit of the employer work to reduce the amount of wages paid to the employee.

49.     Plaintiffs did not qualify for any exemption to the minimum and overtime wage requirements of the FLSA.

50.     Despite Plaintiffs' entitlement to minimum and overtime wages under the FLSA, Defendant failed to pay Plaintiffs minimum wage for all hours worked through forty (40) per week or overtime at a rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period, due in part to Defendant's failure to reimburse Plaintiffs for their vehicle-related expenses and due to Defendant's piece rate pay structure.

51.     Defendant's failure to pay Plaintiffs all minimum and overtime wages owed and to reimburse Plaintiffs' work-related vehicle expenses was willful.

52.     At all times relevant hereto, Defendant had knowledge of the minimum wage and overtime requirements of the FLSA and of Plaintiffs' entitlement thereto, yet Defendant failed to comply with the same.

53.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

**VI.**

**SECOND CAUSE OF ACTION**

**(Individual Claims for Violations of the AMWA)**

54.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

55.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

56.     At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

57.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

58.     Plaintiffs were non-exempt from the minimum wage and overtime requirements of the AMWA.

59.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period, due at least in part to Defendant's failure to reimburse Plaintiffs for their vehicle-related expenses, as well as through Defendant's piece rate pay structure.

60.     By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.

### THIRD CAUSE OF ACTION

### (Collective Action Claim for Violations of the FLSA)

61.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

64.     Class members suffered the same FLSA minimum wage and overtime violations as Plaintiffs suffered individually, as alleged herein above.

65.     By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Vanessa York, Marshal Emmerling, and Matthew Moss, on behalf of themselves and all others similarly situated and the members of the proposed Section 216 class, respectfully pray as follows:

A.     That Defendant Velox Express, Inc., be summoned to appear and answer this Complaint;

B.     For orders regarding certification of and notice to the proposed collective members;

C.     For an order of this Honorable Court entering judgment in favor of Plaintiffs and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D.     For liquidated damages as provided for under the FLSA and the

AMWA;

F.     For attorneys' fees, costs, and pre-judgment interest; and

G.     For such other and further relief as this Court deems necessary,

just and proper.

Respectfully submitted,

**VANESSA YORK, MARSHAL
EMMERLING, and MATTHEW MOSS,
Individually and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:     _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and     _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com