UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VANESSA YORK, MARSHALL EMMERLING,
and MATTHEW MOSS, Each Individually and on
Behalf of All Others Similarly Situated                                      PLAINTIFFS

v.                                                                                        NO. 3:18-CV-481-CRS

VELOX EXPRES, INC.                                                              DEFENDANT

**MEMORANDUM OPINION**

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Conditional Certification (DN 21) and Defendant's Renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted (DN 41). For the following reasons, the Court will **GRANT** Defendant's Motion to Dismiss (DN 41); and **DENY as MOOT** Plaintiffs' Motion for Conditional Certification (DN 21).

## II. BACKGROUND

**A. Factual Background**

Plaintiffs Vanessa York, Marshall Emmerling, and Matthew Moss (collectively, "Plaintiffs") were employed by Defendant Velox Express, Inc. ("Velox") as courier/delivery drivers. (Compl. ¶ 7, DN 1). Plaintiffs brought suit, individually and on behalf of other similarly situated persons, alleging that Velox failed to pay them, and other similarly situated individuals, minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs also bring individual claims under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*.

1

In the Complaint, Plaintiffs allege that Velox "required Plaintiffs and similarly situated employees to drive their own vehicles in the performance of their job duties as courier/delivery drivers." (Compl. ¶ 23). "In performing their job duties for [Velox], Plaintiffs incurred vehicle-related expenses for the benefit of [Velox], including but not limited to gas/mileage, maintenance costs, and depreciation to their vehicles." (Compl. ¶ 25). Plaintiffs were paid pursuant to a "piece rate" payment method that "did not include any amount intended to cover any of Plaintiffs' expenses in operating their vehicles." (Compl. ¶ 27). Velox "paid Plaintiffs a piece rate for their services, regardless of the number of hours worked by Plaintiffs." (Compl. ¶ 26). Plaintiffs contend that Velox failed to pay Plaintiffs minimum wage and overtime "due in part to [Velox's] failure to reimburse Plaintiffs for their vehicle-related expenses and due to [Velox's] piece rate pay structure." (Compl. ¶ 50).

**B. Procedural History**

On September 1, 2017, Plaintiffs commenced this action against Velox in the United States District Court for the Eastern District of Arkansas. (DN 1). They brought individual and collective action claims under FLSA, as well as individual claims under the AMWA. On October 2, 2017, Velox moved to transfer the case to the Western District of Kentucky. (DN 5). Plaintiffs opposed transfer. (DN 9). While the Motion to Transfer was pending, Velox moved to dismiss the action for failure to state a claim (DN 7), and Plaintiffs moved for conditional collective action certification (DN 21). On March 26, 2018, Velox moved to stay the case pending the Court's rulings on the Motions to Transfer and Dismiss. (DN 23). On April 5, 2018, having received no ruling on its Motion to Stay, Velox filed a Response opposing certification. (DN 26). On July 17, 2018, the Eastern District of Arkansas granted Velox's Motion to Transfer (DN 30) and the case was subsequently transferred to the Western District of Kentucky. On August 2, 2018, Velox filed

a Renewed Motion to Dismiss with this Court. (DN 41). Plaintiff filed a response (DN 45), to which Defendant replied (DN 50). On September 17, 2018, this Court granted Velox's Motion to Stay (DN 49), and the action was stayed pending the Court's ruling on Velox's Renewed Motion to Dismiss (hereinafter, "Motion to Dismiss").

### III. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### IV. ANALYSIS

**A. FLSA Claims**

Velox moves to dismiss Plaintiffs' Complaint because Plaintiffs have failed to plead any facts that would support an inference that (1) Velox's failure to reimburse for vehicle-related expenses caused Plaintiffs to receive a wage below minimum wage; and (2) Plaintiffs worked more than forty hours in a week and were not compensated for that time. Specifically, Velox contends

3

that Plaintiffs "have not pled facts demonstrating a single workweek in which they worked in excess of forty hours but were not paid overtime wages." (Def's. Reply in Supp. Of Mot. to Dismiss, DN 50, at 4). Plaintiffs refute that such specificity is required in the Sixth Circuit.

Post-*Twombly* and *Iqbal*, federal courts have "diverged somewhat" on the degree of specificity required to state a minimum wage or overtime claim under FLSA. *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Some courts "have required [FLSA] plaintiffs to approximate the overtime hours worked or the amount of overtime wages owed, whereas other courts have foregone such a requirement." *Landers v. Quality Commc'ns., Inc.*, 771 F.3d. 638, 641 (9th Cir. 2014). The First, Second, Third, and Ninth Circuits require that plaintiffs allege facts regarding at least one specific workweek in which a wage or overtime violation occurred to make a FLSA violation plausible under *Twombly* and *Iqbal*. *See Pruell v. Caritas Christi*, 678 F.3d 10, 13–14 (1st Cir. 2012) (concluding that plaintiffs failed to state a FLSA claim where plaintiffs alleged they "regularly worked hours over 40 in a week and were not compensated for such time" and "regularly worked through their lunch breaks"); *Lundy*, 711 F.3d at 114 (finding "no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) (concluding that plaintiffs allegations were insufficient because plaintiffs failed to allege "a single workweek in which [they] worked at least forty hours and also worked uncompensated time in excess of forty hours"); *Landers*, 771 F.3d. at 644–45 ("[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek.").

The Sixth Circuit briefly addressed the "single workweek" pleading requirement in a case that was decided less than two weeks before Defendant submitted its final briefing.[1] *See Amazon.Com, Inc. v. Integrity Staffing Sols., Inc.*, No. 17-5784/17-5785, 2018 WL 4472961 (6th Cir. Sept. 19, 2018). In *Amazon*, Plaintiffs brought wage and hour claims under Nevada and Arizona labor laws. *Id.* at *1. The district court dismissed the plaintiffs' claims for unpaid overtime and minimum wage because plaintiffs failed to "allege that there was a week for which they were paid less than minimum wage." *Id.* at *14 (internal citation and quotation marks omitted). "[T]he district court based its conclusion largely on the assumption that Nevada and Arizona incorporate the FLSA." *Id.* Accordingly, the Sixth Circuit interpreted the "workweek requirement" under FLSA before conducting its analysis under Nevada and Arizona law. *Id.* at *14. The Sixth Circuit summarized the requirements under FLSA:

> The FLSA mandates that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce[] a statutory minimum hourly wage. *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 530 (6th Cir. 2017) (citing 29 U.S.C. § 206(a)). In addition, if an employee works in excess of forty hours a week, the employee must receive compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. *Id.* at 536 (quoting 29 U.S.C. § 207(a)). The regular rate is the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed, and is computed for the particular workweek by a mathematical computation in which hours worked are divided into straight-time earnings for such hours to obtain the statutory regular rate. *Id.* at 536–37 (quoting 29 C.F.R. § 779.419). Assuming a week-long pay period, the minimum wage requirement is generally met when an employee's total compensation for the week divided by the total number of hours worked equals or exceeds the required hourly minimum wage, and the overtime requirements are met where total compensation for hours worked in excess of the first forty hours equals or exceeds one and one-half times the minimum wage. *Id*. at 537 (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942); *United States v. Klingoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960)).

---

[1] Defendant's Reply (DN 50) does not cite to the recently decided Sixth Circuit opinion.

*Amazon*, 2018 WL 4472961, at *14 (internal quotation marks omitted). The Sixth Circuit concluded that under FLSA, "Plaintiffs would be required to identify a particular workweek in which, taking the average rate, they received less than the minimum wage per hour." *Id.* The Sixth Circuit determined that Nevada's wage law does not incorporate the FLSA workweek requirement, but Arizona "does have an analogous requirement." *Id.* Consequently, the Sixth Circuit affirmed the district court's dismissal of the Arizona plaintiffs' claims "because the Arizona plaintiffs [] failed to allege a workweek in which they failed to receive the minimum wage." *Id.* at *16.

Here, Plaintiffs have two FLSA wage claims: (1) claims alleging Plaintiffs were not paid minimum wage; and (2) claims alleging Plaintiffs were not paid the appropriate rate for all hours worked over forty per week. Reviewing Plaintiffs' allegations, the Court finds no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they were not properly compensated for either set of claims.

In support of their minimum wage claims, Plaintiffs allege that "[a]fter accounting for expenses related to the operation of Plaintiffs' vehicles in the course of performing their job duties for [Velox], Plaintiffs' pay amounted to less than the minimum wages required by the FLSA." (Compl. ¶ 29). Plaintiffs' overtime claims do not fare any better, merely alleging "*[a]t times*, Plaintiffs' job duties for [Velox] required them to work more than forty hours per week" and that Velox "failed to pay Plaintiffs overtime wages at an amount of one and one-half times Plaintiffs' regular rates of pay for all hours worked over forty per week." (Comp. ¶¶ 24, 31) (emphasis added). Because Plaintiffs have filed to "identify a particular workweek in which, taking the average rate, they received less than the minimum wage per hour," they have failed to plead a violation of FLSA. *Amazon*, 2018 WL 4472961, at *16.

Even under a more lenient pleading standard, Plaintiffs' allegations offer nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations" and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. District courts within the Sixth Circuit have at least required FLSA plaintiffs to allege "facts suggesting continuous, weekly violations." *Doucette v. DIRECTV, Inc.*, No. 2:14-CV-02800-STA, 2015 WL 2373271, at *7 (W.D. Tenn. May 18, 2015) (concluding that plaintiffs stated a FLSA claim "[b]y explaining the specific tasks performed, the dates that they worked, and the policies of their employers, and by approximating the amount of time worked in excess of 40 hours"); *see also Mabry v. Directv*, LLC, No. 3:14CV-00698-JHM, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015) (finding that plaintiffs alleged "detailed facts which support a plausible claim under the FLSA" including their employment dates, estimations of their average workweek and amount of overtime worked per week, and alleging they performed specific tasks that went uncompensated). The gravamen of Plaintiffs' Complaint is that Plaintiffs were not reimbursed for vehicle-related expenses which led to them receiving less than minimum wage, and that Plaintiffs did not receive overtime wages. Plaintiffs' Complaint, however, provides no factual details regarding the vehicle-related expenses, the piece-rate structure, or the job duties that went uncompensated. Nor does the Complaint provide employments dates or any estimation of their average workweek hours. Plaintiffs explain that "[t]he specific factual details of Plaintiffs' claims, including the specific hours and dates worked, can be explored through the discovery process." (Pltfs' Resp. to Deft's Renewed Mot. to Dismiss, DN 45, at 9) (citing *Williams v. Cent. Transp. Inc.*, 2014 U.S. Dist. LEXIS 46721, at *6 (E.D. Mo. Apr. 4, 2014)). However, the Court is not requiring Plaintiffs to plead their hours with mathematical precision or the contents of their calendars. The Court requires Plaintiffs to draw on their "memory and experience that [led] them to claim in federal court that they have been denied

7

[minimum wage and] overtime in violation of the FLSA in the first place." *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013). Without such factual context, Plaintiffs have failed to "nudge" their FLSA claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B. **State Law Claims**

Plaintiffs also bring individual claims for violations of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim… if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' Arkansas Minimum Wage Act claims.

V. **CONCLUSION**

For the reasons discussed herein, the Court will grant will grant Defendant's Motion to Dismiss and deny as moot Plaintiffs' Motion for Conditional Certification by a separate order entered this date.

October 5, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**