# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

YORK, et al.                                                                   PLAINTIFFS

v.                                                                  NO. 3:18-CV-481-CRS

VELOX EXPRESS, INC.                                    DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Court's own motion to correct a mistake in its October 9, 2018 Order pursuant to Federal Rule of Civil Procedure 60(a).

## I.     BACKGROUND

On September 1, 2017, Plaintiffs commenced this action against Defendant Velox Express, Inc. ("Velox") in the United States District Court for the Eastern District of Arkansas. DN 1. Plaintiffs brought individual and collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and individual claims under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. Shortly thereafter, Velox moved to transfer the case to this Court. DN 51, at 2. While the motion to transfer was pending, Velox moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. *Id.* On July 17, 2018, the Eastern District of Arkansas granted Velox's motion to transfer, and the case was transferred to this Court. *Id.* Velox then filed a renewed motion to dismiss Plaintiffs' complaint. *Id.*

This Court granted Velox's motion to dismiss. DN 51. In doing so, the Court found that Plaintiffs failed to allege facts sufficient to meet the standard necessary to plead plausible FLSA claims. *Id.* at 3–8. Having dismissed the federal claim over which the Court had original

jurisdiction, the Court declined to exercise supplement jurisdiction over Plaintiffs' AMWA claims. The Court's order did not specify whether the dismissal was with or without prejudice. DN 52.

Plaintiffs neither moved the court to reconsider its order dismissing the case, nor did they appeal the dismissal. Rather, in February 2019, Plaintiffs filed a new action between the same parties asserting the same causes of action. *See York v. Velox Express, Inc.*, 3:19-cv-00092-CRS (W.D. Ky. Feb. 6, 2019) [Hereinafter *York II*]. In *York II*, Velox moved to dismiss the complaint as barred by the doctrine of res judicata. Specifically, Velox argued that because the order in this action did not specify whether the dismissal was without prejudice, the dismissal operates as an adjudication on the merits. *York II*, DN 5. The Court now turns, *sua sponte*, to correct its faulty October 9, 2019 Order.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The Sixth Circuit has stated that the purpose of the rule "is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Clerical mistakes include those made by judges as well as ministerial employees. *Id.* (citing *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). The Sixth Circuit further explained:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or

2

> because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (quoting *Blanton*, 813 F.2d at 1577 n.2) (emphasis in original)).

Here, the Court never intended to dismiss Plaintiffs' claims with prejudice. Rather, the dismissal of Plaintiffs' complaint was then and always intended to be a dismissal without prejudice as this Court routinely allows FLSA plaintiffs to file a new complaint where their complaint has been dismissed for failure to state a claim. *See, e.g.*, *Anderson v. GCA Servs. Grp. of N. Carolina, Inc.*, No. 1:15-CV-37-GNS, 2015 WL 5299452, at *3 (W.D. Ky. Sept. 9, 2015) (dismissing plaintiffs' FLSA claims pursuant to 12(b)(6) without prejudice). The Court, however, mistakenly failed to specify that the dismissal was without prejudice. It would be a manifest injustice for Plaintiffs to not have their day in court due to a faulty order that does not capture the Court's intentions. The Court, pursuant to Rule 60 and its inherent powers, will amend its October 9, 2018 Order to clarify that the dismissal was without prejudice. *See In re Jee,* 799 F.2d 532 (9th Cir. 1986) (holding that a judge properly used Rule 60(a) to amend a judgment, which was silent as to whether dismissal was with prejudice, to indicate that dismissal was without prejudice); *Iowa v. Union Asphalt & Roadoils, Inc.*, 281 F. Supp. 391, 398 (S.D. Iowa 1968), *aff'd*, 409 F.2d 1239 (8th Cir. 1969) (utilizing inherent power to correct orders and Rule 60 to amend prior order authorizing withdrawal of attorneys without conditioning their withdrawal upon payment of reasonable attorney fees since court considered such order to be faulty); *Myers v. Westland Oil Co.*, 96 F. Supp. 667, 670 (D.N.D. 1949) (recognizing the court's inherent power, "regardless of the expiration of the time for appeal," to amend an order to include "dismissed without prejudice").

## III.     ORDER

For the reasons set forth hereinabove and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Court's previous Order (DN 52) is **VACATED**.  An Amended Order will be entered, consistent with this Memorandum Opinion & Order.

**IT IS SO ORDERED.**

August 7, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**